WO                                                                                                                          MH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Ray Johnson, | No. CV 20-01824-PHX-JAT (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| B. Jeusen, et al., | |
| Defendants. | |

On September 17, 2020, Plaintiff Timothy Ray Johnson, who is confined in the Arizona State Prison Complex-Florence, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In an October 13, 2020 Order, the Court granted Plaintiff's Application to Proceed, dismissed his Complaint for failure to state a claim, and gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On November 16, 2020, Plaintiff filed a First Amended Complaint (Doc. 7) and a certified trust account statement.[1] The Court will dismiss Defendants Senseng, Unknown Captain, and King without prejudice and will give Plaintiff 120 days from the filing date

---

[1] Because Plaintiff's First Amended Complaint was labeled "Original Complaint" and accompanied by a certified trust account statement, the Clerk of Court construed the pleading as an attempt to commence a new action. *See Johnson v. Senseng*, CV 20-02201-PHX-JAT (MHB). In a December 31, 2020 order, the Court directed the Clerk of Court to administratively close the new action and file the pleading as a First Amended Complaint herein. Doc. 4 in CV 20-02201-PHX-JAT (MHB).

of this Order to discover, by subpoena or otherwise, the identity of the individual identified in the First Amended Complaint as "the person in charge of moving people" and to file a "notice of substitution" substituting that individual for John/Jane Doe 1.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent

standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.     First Amended Complaint**

In his First Amended Complaint, Plaintiff asserts a single threat-to-safety claim, alleging that Defendants are failing to protect him from another inmate. Plaintiff names Warden Senseng, an Unknown Captain, and Lieutenant King as Defendants  He seeks injunctive relief in the form of a transfer.

According to Plaintiff, another inmate, Damaso Aguilar, threw hot grease on Plaintiff while Aguilar was working as a porter in Plaintiff's pod. The grease burned Plaintiff's chest "pretty bad[ly]" and left a scar. Aguilar lost his porter job as a result of this incident, but officials refused to transfer Plaintiff to another pod. A non-party, Sergeant Reyes, "d[id] his best" to have Plaintiff moved, but "the person who was in charge of moving people" refused to transfer Plaintiff.

Plaintiff subsequently tried to commit suicide by swallowing razor blades, pencils, and spork handles. Plaintiff claims "they" will not house him anywhere except the pod where Aguilar and his friends are, telling him, "cover your cell as best as you can, you know you are going to get thrown on." Sergeant Reyes gave Plaintiff the name of the inmate who threw grease on him (Aguilar), but Plaintiff has been unable to obtain the name of the person in charge of moving people. "[T]hey" tell him they are "trying to get [him] somewhere else," but the person in charge of moving people—whose name they cannot reveal—will not transfer Plaintiff.

**III.    Discussion**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link

- 3 -

between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff has not alleged any facts against Defendants Senseng, Captain, and King. Accordingly, these Defendants will be dismissed without prejudice. Plaintiff has, however, alleged sufficient facts against the "person in charge of moving people" to state a claim against this individual. Although this person was not named as a Defendant, it appears he or she was only omitted because Plaintiff could not obtain his or her name. In accordance with the Ninth Circuit's instruction to construe pro se filings liberally, *Hebbe*, 627 F.3d at 342, the Court will construe the First Amended Complaint as asserting a claim against "the person in charge of moving people," order the Clerk of Court to add Defendant John/Jane Doe 1 to the caption for this case, and give Plaintiff an opportunity to identify the individual in charge of inmate movement.

The Court will allow Plaintiff 120 days in which to discover the actual name of the Doe Defendant (the individual in charge of inmate movement), through subpoena or otherwise, and to substitute his or her name by filing a "notice of substitution." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (holding that plaintiffs should be afforded an opportunity through discovery to identify unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds). The Court may dismiss this action without prejudice if Plaintiff fails to timely file a notice of substitution identifying the Doe Defendant, unless Plaintiff seeks and is granted an extension of time.

**IV.   Warnings**

    **A.   Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.   Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   The Clerk of Court must **add** "John/Jane Doe 1" to the docket to identify the "person in charge of moving people."

(2)   Defendants Senseng, Unknown Captain, and King are **dismissed** without prejudice.

(3)   Plaintiff has **120 days** from the filing date of this Order in which to discover, by subpoena or otherwise, the identity of "John/Jane Doe 1" and file a "notice of substitution" for this Doe Defendant.

(4)   The Clerk of Court must issue two subpoenas in blank and send them, along with copies of the Marshal's Process Receipt & Return form (USM-285), to Plaintiff.

(5)   Plaintiff shall complete the subpoenas and USM-285 forms and promptly return them to the Clerk of Court.

(6)     Upon receipt of properly completed subpoenas and USM-285 forms, the Clerk of Court must deliver the subpoenas, the USM-285 forms, and a copy of this Order, to the United States Marshal for service.

(7)     Within **20 days** of receiving the subpoenas, USM-285 forms, and a copy of this Order, the United States Marshal must personally serve the subpoenas and a copy of this Order in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 566(c) and 1915(d).

(8)     Within **10 days** after personal service is effected, the United States Marshal must file the proofs of service.

(9)     The Clerk of Court may enter a judgment of dismissal for failure to prosecute without prejudice and without further notice to Plaintiff, if Plaintiff fails to file a notice of substitution within 120 days, unless Plaintiff seeks and is granted an extension of time.

Dated this 12th day of January, 2021.

James A. Teilborg
Senior United States District Judge