WO                                                                                                                             MH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Ray Johnson, | No. CV 20-01824-PHX-JAT (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| B. Jeusen, et al., | |
| Defendants. | |

On September 17, 2020, Plaintiff Timothy Ray Johnson, who is confined in the Arizona State Prison Complex-Florence, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In an October 13, 2020 Order, the Court dismissed the Complaint for failure to state a claim and gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On November 16, 2020, Plaintiff filed a First Amended Complaint. In a January 12, 2021 Order, the Court dismissed Defendants Senseng, Unknown Captain, and King without prejudice and gave Plaintiff 120 days to identify the individual described in the First Amended Complaint as "the person in charge of moving people" and file a notice substituting that individual for Defendant John/Jane Doe 1. The Court also directed the Clerk of Court to issue and send to Plaintiff two blank subpoenas for use in identifying the Doe Defendant.

. . . .

TERMPSREF

On January 27, 2021, Plaintiff submitted a Letter concerning his attempts to identify John/Jane Doe 1 and two incomplete sets of service documents. In a February 5, 2021 Order, the Court construed the Letter as a Motion to Amend the First Amended Complaint, granted the Motion, and gave Plaintiff 30 days to file a second amended complaint.

On February 22, 2021, Plaintiff filed a Second Amended Complaint (Doc. 13). The Court will order Defendants Pozonio, Reges, and King to answer Count One of the Second Amended Complaint.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual

allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.  Second Amended Complaint

In his Second Amended Complaint, Plaintiff asserts a single claim, alleging that his safety was threatened at ASPC-Florence. Plaintiff names as Defendants Captain Pozonio, Sergeant Reges, and Lieutenant King. He is seeking money damages and injunctive relief.

Plaintiff alleges that he had boiling grease thrown on him by another prisoner because "the officers" refused to transfer him. (Doc. 13 at 3.) According to Plaintiff, he had written inmate letters requesting a transfer, but "they" told him no. (*Id.*) He then filed a grievance regarding this issue but received no response. (*Id.*) The other prisoner told Plaintiff, "go to watch or [you]'ll get it right now," and when Plaintiff refused, the inmate threw grease on him. This happened "mainly d[ue] to the fact[ that] the officers just refused to move [him] out of the pod, after being told on sev[e]ral occasions [he] was not safe." (*Id.*)

Following this incident, Plaintiff was housed with a prisoner who was friends with Plaintiff's attacker. (*Id.*) That prisoner told Plaintiff he was "going to do the same thing if [Plaintiff] did not leave." (*Id.*) When Plaintiff told an officer that he was not safe, the officer told Plaintiff, "I know, just cover your door. The person in charge of moving people said you are not going to be moved." (*Id.*) Plaintiff responded that he would "just kill [him]self then," to which the officer replied, "[Y]ou are not about that." (*Id.*) After the officer left, Plaintiff swallowed metal, spork handles, and 32 pencils. (*Id.*)

Plaintiff had to have surgery to remove the items he had swallowed. (*Id.*) After he returned from the hospital, he was placed on a mental health watch. (*Id.*) When the mental

health watch expired, Plaintiff was returned to the pod where the prisoner who had assaulted him was housed. (*Id*. at 4.)  Plaintiff told "the officers" that he could not be housed with this prisoner because he had attacked Plaintiff with boiling grease. (*Id*.)  A non-party, Officer Petterson, responded that he "[k]new," but he could not move Plaintiff because "he ha[d] to listen to the people who do[] the moves, and they said [Plaintiff] had to stay right [t]here." (*Id*.)  Plaintiff told Officer Petterson that he wanted to go to "watch" and that he was going to kill himself if forced to remain in a place where he was not safe. (*Id*.)  Petterson told Plaintiff that to go to watch, he "had to show blood [o]r be bleeding," so when Petterson left, Plaintiff swallowed metal and pencils and inserted the same into his penis. (*Id*.)  Plaintiff's pants "were soaked with blood," and "they" sent him to the hospital, where he received two surgeries. (*Id*.)

Plaintiff alleges that another prisoner, Inmate Fowler, asked to be transferred to avoid being attacked by one of the inmates who had assaulted Plaintiff and was told the "same thing"—i.e., that he would not be transferred. (*Id*. at 5.)  Fowler also had boiling water thrown on him and, like Plaintiff, he was returned to the same pod following his release from the medical department, forcing him to harm himself in an effort to "get somew[h]ere safe." (*Id*.)

According to Plaintiff, he cannot "get [any] answers to who is really in charge of the moves." (*Id*.)  First, he was told it was Defendants Pozonio, King, and Reges. (*Id*. at 6.)  "[T]hen [he] was told it was not them, then [he] was told it was, now it's back to they were not the ones." When he asks why this information is being kept from him, the officers tell Plaintiff,

> You are the inmate, we are the officers, nothing is your bus[i]ness and everything is ours.  We do not have to tell you anything.  Anything you say will be counted as a lie for you are a prisoner and we are officers, and as you can see there are no cam[e]ras, so you lose we win.

. . . .

. . . .

Liberally construed, Plaintiff has stated an Eighth Amendment threat-to-safety claim against Defendants Pozonio, Reges, and King, and these Defendants will be required to respond to the Second Amended Complaint.

**III.    Warnings**

    **A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Defendants Pozonio, Reges, and King must answer Count One.

(2) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 13), this Order, and both summons and request for waiver forms for Defendants Pozonio, Reges, and King.

(3) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(5) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(6) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(7) A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(8) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned

---

[1]If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

TERMPSREF

by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) Defendant must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 19th day of March, 2021.

James A. Teilborg
Senior United States District Judge

TERMPSREF