WO

# IN THE UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Ray Johnson,<br><br>　　　　　　Plaintiff,<br>v.<br><br>B. Jeusen, et al.,<br><br>　　　　　　Defendants. | CV 20-01824-PHX-JAT (MHB)<br><br>**ORDER** |

　　　Plaintiff Timothy Ray Johnson, who is confined in the Arizona State Prison Complex-Florence, filed a pro se civil rights Second Amended Complaint pursuant to 42 U.S.C. § 1983. Upon screening, the Court ordered Defendants Pozonio, Reges, and King to answer Count One of the Second Amended Complaint. The Court also sent Plaintiff the required service packets, and ordered Plaintiff to complete and return the service packets to the Clerk of Court within 21 days, after which the U.S. Marshal Service would notify Defendants and effect service. Plaintiff was warned that if he failed to timely comply with the provisions set forth in the screening order, the action would be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

　　　Plaintiff having failed to return the service packets, the Court ordered Plaintiff to show cause, why this matter should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's Order. Plaintiff has not responded to the order to show cause or communicated with the Court – and the time for doing so has expired. The Court, therefore, will determine whether dismissal is appropriate.

Plaintiff has the general duty to prosecute this case. See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. See id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to respond to Court orders prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered Plaintiff to show cause why this matter should not be dismissed. Plaintiff has not responded.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the

merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure this action is dismissed without prejudice and the Clerk of the Court shall enter judgment accordingly.

Dated this 2nd day of September, 2021.

James A. Teilborg
Senior United States District Judge